**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUINCY MICHAEL PATRICK,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-1167** |
| **v.** | : | **(JUDGE MANNION)** |
| **KINGSTON POLICE DEPT., *et al*.,** | : | |
| **Defendants** | : | |

**O R D E R**

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that plaintiff's complaint be dismissed. (Doc. 6). Plaintiff has filed objections to the report. (Doc. 8). Based upon a review of the record, Judge Carlson's report and recommendation will be adopted in its entirety as the opinion of the court.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

On July 28, 2022, plaintiff brought the instant civil rights action in which he sets forth a Fourth Amendment claim in relation to a state parole search in 2016, as well as claims of false arrest, malicious prosecution, unlawful detention and abuse of legal process. (Doc. 1). In screening plaintiff's complaint, Judge Carlson determined that plaintiff's claims are barred by the applicable two-year statute of limitations; the Kingston Police Department is not a proper defendant in a civil rights action; to the extent plaintiff is seeking

to invalidate any part of his criminal proceedings, his claims are barred by the *Younger*[1] abstention doctrine; and plaintiff's claim of malicious prosecution is improper where he has failed to demonstrate that his state court proceedings terminated without a conviction.

Plaintiff has filed objections to Judge Carlson's report. In his objections, plaintiff challenges Judge Carlson's finding that his claims are barred by the applicable two-year statute of limitations having been filed some six years after the events which are the subject of this action. Here, plaintiff's objections are a partial attempt to invalidate his state court proceedings wherein he argues that he was denied due process during his proceedings and was not afforded the opportunity to prove his innocence. As found by Judge Carlson and not substantively challenged by plaintiff,[2] to the extent that he is challenging his state criminal proceedings, plaintiff's claims are barred by the *Younger* doctrine.

As to Judge Carlson's finding that the instant action is barred by the two-year statute of limitations, plaintiff further argues that he is not learned in the law and was previously unaware of his right to file an action challenging

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] In response to Judge Carlson's finding that *Younger* abstention is applicable, plaintiff merely questions the necessity of a favorable conclusion to his state court proceedings before he can challenge them in this court. The law is clear in this regard.

his conviction. As set forth by Judge Carlson, plaintiff's allegations demonstrate that the events which took place had the degree of significance and permanence for plaintiff which would have triggered his duty to bring a claim in a timely manner.

Plaintiff's only other objection is to Judge Carlson's finding that the Kingston Police Department is an improper defendant. Plaintiff argues that, as a *pro se* plaintiff, he did not know who to properly sue and asks that he be permitted to amend his complaint to add defendants related to his state proceedings. While the court would ordinarily allow plaintiff an opportunity to amend his complaint to include any proper parties, the fact that plaintiff's claims are barred by the applicable statute of limitations renders futile any amendment of his complaint.

In light of all of the foregoing, plaintiff's objections are without merit. Moreover, the court agrees with the reasoning provided by Judge Carlson in support of his findings. Therefore, plaintiff's objections will be overruled and Judge Carlson's report and recommendation will be adopted in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objections **(Doc. 8)** are **OVERRULED**.

**(2)** The report and recommendation of Judge Carlson **(Doc. 6)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 8, 2022**
22-1167-01