**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUINCY MICHAEL PATRICK,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-1167** |
| **v.** | : | **(JUDGE MANNION)** |
| **KINGSTON POLICE DEPT., *et al*.,** | : | |
| **Defendants** | : | |

# MEMORANDUM

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that plaintiff's motion for relief from judgment (Doc. 13) be denied. (Doc. 14). Plaintiff has filed objections and amended objections to the report. (Docs. 15, 16[1]). Based upon a review of the record, Judge Carlson's report and recommendation will be adopted as modified.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. '636(b)(1); *Brown v.*

[1]The plaintiff filed Doc. 16 as a motion for leave to amend his objections and attached his substantive objections. He subsequently filed a motion for expedited consideration of his motion for leave to amend. (Doc. 17). By way of this decision, the plaintiff's motion for leave to amend his objections will be granted, the plaintiff's amended objections will be deemed filed, and the motion for expedited consideration of the motion for leave to amend will be dismissed as moot.

*Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As Judge Carlson provides in his report:[2]

> The background of this litigation was aptly summarized by the Court of Appeals in August of 2023 when it affirmed the

[2] The plaintiff does not challenge the procedural history set forth in the report and recommendation.

dismissal of [the plaintiff's] complaint. At that time the Court observed:

> Quincy Michael Patrick's parole officer discovered drugs inside Patrick's home during a visit in 2016. Patrick would later plead guilty in Pennsylvania state court to a drug offense and be sentenced to nineteen to forty months in prison. His direct appeal and post-conviction applications all were unsuccessful.
>
> More than six years after he was arrested, Patrick filed the underlying *pro se* civil rights action against, among other defendants, his parole officer and the Kingston Police Department. Patrick claimed that discovery of the drugs during the home visit was predicated on violations of the Fourth Amendment to the United States Constitution.

*Patrick v. Kingston Police Dep't*, No. 23-1348, 2023 WL 5163897, at *1 (3d Cir. Aug. 11, 2023).

After reciting this background, the Court of Appeals sustained our decision dismissing this complaint stating:

> Like the District Court, we conclude that Patrick failed to state viable claims and, further, that allowing him to amend his complaint would have been a futile act. But our rationales are not identical. *Cf. Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020) ("[W]e may affirm based 'on any ground supported by the record.'") (citation omitted).
>
> Insofar as Patrick raised illegal search or false imprisonment claims under the Fourth Amendment, based on events predating his complaint by more than two years, we agree with the District Court that such claims are untimely. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007); *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018); *cf. Smith v. Travelpiece*, 31 F.4th 878, 888 (4th Cir. 2022) (rejecting argument that illegal search claims were subject to deferred accrual under *Heck*). But insofar as Patrick

> raised wrongful conviction or malicious prosecution claims, those would not begin to accrue until the criminal case terminated in his favor. *See Coello v. DiLeo*, 43 F.4th 346, 354 (3d Cir. 2022). And Patrick's complaint makes plain that his drug conviction is intact. Thus, the District Court should not have ruled that all of Patrick's claims were untimely. That said, dismissal of the wrongful conviction and malicious prosecution claims was nevertheless proper based on the District Court's alternative ruling that the claims are *Heck*-barred. *See Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

*Id.*, at *1-2.

Almost three years after the dismissal of his complaint was affirmed on appeal by the Third Circuit, the plaintiff filed the pending motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) and/or Fed.R.Civ.P. 60(d)(3).[3]

The relevant sections of Rule 60 of the Federal Rules of Civil Procedure provide:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

[3] The plaintiff objects to the magistrate judge's consideration of his motion pursuant to Fed.R.Civ.P. 60(b)(3), as opposed to Fed.R.Civ.P. 60(d)(3) as he filed it. (Doc. 15, p. 3). Rule 60(b)(3) is subject to a one-year statute of limitations under Fed.R.Civ.P. 60(c)(1), which is not applicable to motions filed pursuant to Fed.R.Civ.P. 60(d)(3). To the extent that the magistrate judge considered the motion pursuant to Fed.R.Civ.P. 60(b)(3) and recommends that it be dismissed as barred by the one-year statute of limitations, the court will decline to adopt that portion of the report.

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

* * *

**(d) Other powers to Grant Relief.** This rule does not limit a court's power to:

* * *

**(3)** set aside a judgment for fraud on the court.

Fed.R.Civ.P., Rule 60(b), (c)(1), (d)(3).

To the extent that the plaintiff brings his motion pursuant to the catch-all provision of Fed.R.Civ.P. 60(b)(6), motions made under that subsection are not subject to the one-year time provision, but they must be made "within a reasonable time." *See Lloyd v. Presby's Inspired Life*, 834 F. App'x 771,

773 (3d Cir. 2020). With this in mind, subsection (b)(6) cannot be invoked to evade application of the one-year time limitation prescribed for claims under subsections (b)(1)-(b)(3). Instead, the catch-all provision of subsection (b)(6) may be used to avoid the time bar only if it is shown that "the relief sought is based upon any other reason than a reason which would warrant relief under 60(b)[(1)-(3)]," and that extraordinary circumstances for disturbing the judgment exist. *Id.* (citing *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (internal quotation marks and citations omitted)).

In considering the plaintiff's motion pursuant to Fed.R.Civ.P. 60(b)(6), Judge Carlson found that the plaintiff has made no showing of due diligence, nor has he shown that there exist exceptional circumstances which warrant the re-opening of his case nearly three years after it was closed and the dismissal of his case was affirmed on appeal. This court agrees.

Initially, the plaintiff has made no attempt to demonstrate that his motion was made within a reasonable time. Instead, almost three years after the decision affirming the dismissal of his complaint, in the most general of terms, the plaintiff indicates that he discovered government misconduct on a "recent date" and "acted with immediate diligence to bring this motion before the court." This is simply insufficient information for the court to determine that the plaintiff acted within a reasonable time in bringing his motion.

Moreover, in requesting relief under Fed.R.Civ.P. 60(b)(6) and attempting to demonstrate that extraordinary circumstances exist to justify the re-opening of his complaint, the plaintiff claims that his failure to timely raise the Fourth Amendment claims in his complaint was due to government officials' interference in withholding information from him and their creation of a "climate of fear" consisting of ongoing threats of incarceration and harm.[4] Although he requests relief pursuant to the catch-all provision of Fed.R.Civ.P. 60(b)(6), the plaintiff gives no indication as to why this motion could not have been made under Fed.R.Civ.P. 60(b)(3), which provides for relief based upon, among other things, fraud or misconduct by an opposing party.[5] Because the plaintiff could have proceeded under Fed.R.Civ.P. 60(b)(3), his claim is inappropriate under Fed.R.Civ.P. 60(b)(6).[6]

---

[4] Although the plaintiff claims, in part, that this "climate of fear" prevented him from timely filing his complaint in this case, it does not seem to have deterred the plaintiff from filing numerous motions and appeals in his underlying state criminal proceedings throughout its entirety. *See Commonwealth v. Patrick*, Docket No. CP-40-CR-765-2016 (Luzerne County C.P.).

[5] As indicated, the plaintiff may not use the catch-all provision of Fed.R.Civ.P. 60(b)(6) to evade the one-year statute of limitations under Fed.R.Civ.P. 60(b)(3).

[6] In any event, as found by Judge Carlson, had the plaintiff brought his motion under Fed.R.Civ.P. 60(b)(3), it would be barred by the applicable statute of limitations.

Finally, the plaintiff's filing ignores the fact that his complaint is both *Heck*-barred and subject to *Younger* abstention. In affirming the dismissal of the plaintiff's complaint, the Third Circuit not only determined that his illegal search and false imprisonment claims under the Fourth Amendment were barred by the applicable statute of limitations, but also determined that the dismissal of his wrongful conviction and malicious prosecution claims was proper based upon this court's ruling that the claims are *Heck*-barred. *Patrick v. Kingston Police Dep't*, 2023 WL 51663897, at **1-2. The plaintiff had not then, and still has not, achieved a favorable outcome in his underlying state criminal case. The plaintiff's motion under Fed.R.Civ.P. 60(b)(6) cannot clear that hurdle.

Furthermore, based on his claims, the plaintiff sought to have the court expunge his conviction so that he could obtain better employment. To the extent the plaintiff sought to enjoin any aspect of his state criminal proceedings, and expunge his conviction, Judge Carlson found in his previous report and recommendation that the legal requirements for *Younger* abstention are fully met in this case, and the court should exercise its discretion and abstain from exercising jurisdiction over the plaintiff's claims. (Doc. 6, pp. 12-14). The plaintiff raised no challenge to Judge Carlson's findings related to *Younger* abstention and, by way of its order adopting

Judge Carlson's previous report, this court agreed with Judge Carlson. (Doc. 9, p. 3). In affirming the dismissal of the plaintiff's complaint, the Third Circuit did not substantively rule on the court's determination that *Younger* abstention was appropriate, only noting in a footnote that it was not clear from the record on appeal whether there was an ongoing judicial proceeding between the time the plaintiff filed his §1983 action and the issuance of Judge Carlson's report. Upon review of the plaintiff's state criminal docket, while it may have been unclear at the time of Judge Carlson's initial report whether the plaintiff had on-going state judicial proceedings, it was clear at the time of this court's order adopting the report, and it is clear now, that the plaintiff did have, and indeed still has, ongoing proceedings related to his underlying conviction.[7] Most recently, the plaintiff has pending an appeal of the denial of a post-conviction petition in the Pennsylvania Superior Court. *See Commonwealth v. Patrick*, Docket No. 1100 MDA 2026 (Pa.Super.Ct.).

---

[7] The plaintiff's state court docket reflects that, on July 26, 2022, the Luzerne County Court of Common Pleas dismissed a post-conviction petition filed by the plaintiff. Two days later, on July 28, 2022, the plaintiff filed his complaint in this matter. On August 1, 2022, Judge Carlson issued his initial report recommending dismissal of the action. On August 25, 2022, the plaintiff filed a notice of appeal challenging the state court's dismissal of his post-conviction petition. And, on September 8, 2022, this court issued its decision adopting Judge Carlson's initial report and recommendation.

As the court determined then, it again determines now, that *Younger* abstention is appropriate.

Nothing in the plaintiff's objections cures the defects discussed above. In light of the foregoing, to the extent that the plaintiff's motion is brought under the provisions of Fed.R.Civ.P. 60(b)(6), the report and recommendation of Judge Carlson will be adopted and the motion will be denied.

To the extent that the plaintiff seeks relief pursuant to Fed.R.Civ.P. 60(d)(3), that provision states that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3). A motion "alleging fraud upon the court is completely distinct from a motion under Rule 60(b)." *Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005). "A court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in egregious misconduct." *Smith v. Kershentsef*, 2024 WL 3874227, at *2 (3d Cir. Aug. 20, 2024) (citing *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (internal quotation marks omitted). "[S]uch a finding must be supported by clear, unequivocal and convincing evidence of (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself." *Id.* (internal quotation marks and ellipsis omitted).

"Fraud on the [C]ourt 'must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Hatchigan v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citing *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015)). Although "the Third Circuit has not directly addressed the requisite level of fraud needed under Rule 60(d)(3)," *see Jackson v. Ivens*, 2019 WL 4604027, at *5 (D. Del. Sept. 23, 2019), other circuits have concluded that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the [C]ourt," *see Rozier v. Ford Motor Co.*, 573 F.3d 1332, 1338 (5th Cir. 1978) (internal quotation marks omitted) (quoting *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972)), and fraud on the court does not include "fraud between the parties or fraudulent documents, false statements[,] or perjury," *see Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

In this case, the plaintiff's motion ignores the fact that the only filing before this court when his complaint was dismissed and that dismissal was affirmed on appeal was his own as his complaint was dismissed upon preliminary screening pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Therefore, there could have been no fraud committed upon this court by the defendants.

To the extent that the plaintiff alleges that there was some fraud committed in the on-going state court criminal proceedings, that is a matter for that court, and any attempt by the plaintiff to have this court interfere with the state court's on-going criminal proceedings are subject to *Younger* abstention.

In light of all of the foregoing, Judge Carlson's report and recommendation will be adopted as modified and discussed above. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 9/17/26
22-1167-02